## FISHER A. KINGSBURY *versus* WILLIAM E. DOANE.

No appeal lies in favor of the *complainant*, from the judgment of a justice of the peace on a complaint to recover a forfeiture under the militia laws.

THIS was a complaint made to a justice of the peace by Kingsbury, as colonel of a regiment in the militia, against Doane, a private in the company in Cohasset, for disobeying an order to warn the company to meet on the 3d of October, 1836, for the purpose of electing a captain, lieutenant and ensign, whereby he had incurred a penalty of not less than $ 20, nor more than $ 100. The magistrate gave judgment in favor of the respondent, and the complainant appealed to the Common Pleas. It was there ordered, that the appeal be dismissed ; and from that decision the complainant appealed to this Court.

*Nov. 4th.*     *Kingsbury, pro se,* in support of this appeal, referred to Revised Stat. *c.* 82, § 6 ; *c.* 12, § 100, 109, 112 ; and to the point, that the complaint was a civil action, and therefore an appeal lay from the magistrate, Revised Stat. *c.* 85, § 13 ; *Dyer* v. *Hunnewell,* 12 Mass. R. 271 ; *Wilbur* v. *Crane,* 13 Pick. 289 ; *Hill* v. *Wells,* 6 Pick. 106.

*E. D. Sohier* and *Greenough,* for the respondent, cited *Mountfort* v. *Hall,* 1 Mass. R. 443.

*Nov. 5th.*     SHAW C. J. The only question in this case is, whether the complainant, upon a prosecution under the militia law, had a right of appeal from the judgment of the justice of the peace, dismissing his complaint. If the complainant had a right of appeal from the justice of the peace, and the Court of Common Pleas refused to sustain it, we are not prepared to say that an appeal would not lie from that judgment to this Court. By the Revised Stat. *c.* 82, § 6, an appeal is given to any party aggrieved by the judgment or final decision of the Court of Common Pleas, in any civil action, suit or proceeding whatever, when the judgment or decision thereon is founded on matter of law apparent on the record. Whether the complainant had a right of appeal, was a question of law upon the record.

Still the question recurs, whether the complainant had any right of appeal from the judgment of the justice.

In the case of *Mountfort* v. *Hall*, 1 Mass. R. 443, it was decided, that no appeal would lie from the judgment of a justice upon a complaint under the militia law, in virtue of the general statute, and that there could not be any such appeal, except where it was given by statute. This, we believe, has ever since been considered as the settled law.

By referring to the Revised Statutes, we find the mode of prosecuting for fines specially marked out. The complainant seems to have followed the course prescribed in prosecuting for a fine incurred by a non-commissioned officer, by neglecting to summon a meeting of the company, in the case specified in the complaint. The Revised Statutes provide, *c*. 12, § 112, how complaints shall be prosecuted by clerks of companies, and then proceeds thus : — " and no appeal shall be allowed from any such judgment, except the forfeiture adjudged exceed ten dollars, exclusive of costs." The next clause of the same section provides, that any complaint by any other officer, shall be prosecuted in the like manner, so far as the same is applicable thereto, the forms being varied accordingly. And it is in virtue of this provision that the present complaint is prosecuted.

The Court are of opinion, that this general provision, that the complaint shall be prosecuted in like manner, must be construed to mean, with the same right of appeal, and no other. This right is expressly limited to the case, where the judgment is against the respondent, and where such judgment exceeds the sum of ten dollars. Here the judgment was in favor of the respondent, and therefore, by the terms of the statute, there could be no appeal.

<div align="right">

*Appeal dismissed.*